UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIK T. ROBINSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-13613-ADB |
| | * | |
| MASSACHUSETTTS DEPARTMENT OF | * | |
| UNEMPLOYMENT ASSISTANCE, et al., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) **DENIES** plaintiff's motion to appoint counsel [ECF No. 46]; (2) **DENIES** plaintiff's motion to strike the DUA defendants' motion to dismiss [ECF No. 39]; and (3) **ALLOWS** the DUA defendants' motion to dismiss and defendant Scout MVY's motion to dismiss [ECF Nos. 37, 42].

I.   **BACKGROUND**

Plaintiff Erik Robinson brings this action under 42 U.S.C. § 1983 ("§ 1983"), alleging that his right to due process was violated during the adjudication of his claim with the Commonwealth of Massachusetts for unemployment benefits. He names as defendants the chief counsel of the Department of Unemployment Assistance ("DUA"), David Guberman, DUA hearing officers Lillian Plaza and Elizabeth Cloutier, and his former employer Scout MVY Management LLC ("Scout MVY").

On June 3, 2015, the Court issued an order [ECF No. 7] directing the plaintiff to show good cause why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiff filed a responsive memorandum on July 13, 2015 [ECF No. 16]. Following various amendments

to the complaint, in July 2016, the DUA defendants and defendant Scout MVY both moved to dismiss [ECF Nos. 37, 42].

The amended complaint [ECF No. 15] contains the following allegations, which are taken as true for the purpose of the motions to dismiss. Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 40 (1st Cir. 2012). Plaintiff Robinson was employed by Scout MVY, a company that operates and/or owns various hotels. As an employee of Scout MVY, the plaintiff worked at the Harbor View and Kelly House hotels in Edgartown on Martha's Vineyard. In November 2012, a senior manager told the plaintiff that his employment would be terminated in January 2013 due to a seasonal downturn in business and corporate changes. Because Robinson had no indication of future employment with Scout MVY and because he was being harassed for incurring overtime, he left his job in late December 2012 and went Park City, Utah to search for other employment.

After an unsuccessful job search in Park City, in March 2013 Robinson filed an interstate unemployment claim with the DUA through the Utah Department of Workforce Services. The DUA determined that Robinson was not eligible for unemployment compensation because he left his position voluntarily, without good cause attributable to the employer. The plaintiff's administrative appeals were unsuccessful.

Robinson then sought judicial review of the DUA's decision in the Edgartown District Court. The DUA was represented by David Guberman. Scout MVY, although named as a co-defendant, did not respond to the complaint. The state district court entered judgment in favor of the DUA. Thereafter, the plaintiff provided the court with documentation indicating that, in conjunction with hearings in the case, Guberman had stayed at Scout MVY's two hotels in Edgartown. When he stayed at the Kelly House Hotel, Guberman received a discount and

possibly a free meal. When he stayed at the Harbor House Hotel, many significantly less expensive hotel options were available. Robinson alleged that Guberman's stays at the Scout MVY hotels evidenced a pre-existing corrupt relationship between the DUA and Scout MVY which had tainted the administrative proceedings. Upon motion of the DUA, the state court impounded the plaintiff's filing concerning Guberman's stay at the Kelly House Hotel and struck the filing concerning Guberman's stay at the Harbor House Hotel.

Although not mentioned by the plaintiff in the amended complaint, Robinson filed an appeal of the order upholding the DUA's determination. Robinson v. Dir. of Dep't of Unemployment Assistance, 2014-P-1307 (Mass. App. Ct.).[1] On October 27, 2014, after the state appeals court had denied Robinson's request for indigent status, he failed to pay the appeal fee, and the appeals court ordered that the entry of appeal on the court's docket be vacated. Id.

In the instant case, Robinson alleges that he was denied due process because he never received a hearing from an impartial decision maker. He claims that the DUA is biased towards employers and against claimants, as manifested in his case by the DUA's failure to allow him adequate discovery during the administrative proceedings and Guberman's relationship with Scout MVY. Robinson also claims that judicial review of the administrative decision did not cure the bias because M.G.L. ch. 30A, § 14, the state statute dictating the standard of judicial review of administrative agency decisions, requires courts to give too much deference to the agency.

The plaintiff seeks a declaration that the defendants' conduct violated his Fourteenth Amendment right to due process. He also asks for the unemployment benefits he claims he should have received, as well as punitive damages.

---

[1] The docket of this case is publicly available through entering search criteria at the website http://www.ma-appellatecourts.org/search.php.

## II. DISCUSSION

### A. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), this Court has the discretion to appoint counsel for a party proceeding *in forma pauperis*, but is not required to do so. In order to justify the appointment of counsel, a litigant must demonstrate "exceptional circumstances." Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). To determine whether such exceptional circumstances are present, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991). Here, the plaintiff's claims are ultimately without merit, as discussed *infra*, the legal issues are not highly complex, and the plaintiff has been able to present his case adequately. Therefore, because no exceptional circumstances are present, the motion is denied.

### B. Motion to Strike

Plaintiff contends that counsel for the DUA defendants failed to comply with Local Rule 7.1(a)(2) before filing their motion to dismiss. That rule requires counsel to certify that, prior to filing a motion, "they have conferred and have attempted in good faith to resolve or narrow the issue." As a result, plaintiff argues that the DUA defendants' motion should be stricken. In most cases, however, the appropriate remedy for a violation of Rule 7.1 is not to strike the motion; it is the assessment of sanctions under Fed. R. Civ. P. 11. While "a litigant's failure to observe the Local Rules invites sanctions, omitting to confer prior to filing a motion certain to be opposed does not warrant so severe a sanction as summary denial." Converse, Inc. v. Reebok Int'l Ltd., 328 F. Supp. 2d 166, 174 n.7 (D. Mass. 2004) (quoting Gerakaris v. Champagne, 913 F. Supp. 646, 651 (D. Mass. 1996)). Here, counsel for the DUA defendants did make an attempt to

comply with Rule 7.1, and given the relative merits of the parties' positions, it is unclear what counsel could have proposed to resolve or narrow the issues. Thus, neither dismissal nor sanctions are appropriate, so the plaintiff's motion to strike is denied.

### C. The Motions to Dismiss

In their motions to dismiss, the DUA defendants and defendant Scout MVY both argue that Robinson's claims are barred by claim and issue preclusion. The defendants also assert that the *Rooker-Feldman* doctrine bars this court from hearing the case. In addition, the DUA defendants claim that sovereign immunity protects them from this lawsuit, while defendant Scout MVY contends that the plaintiff cannot state a § 1983 claim against Scout where the company took no action under color of state law.

For the reasons stated below, the motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are granted because the plaintiff's claims are barred by claim and issue preclusion. In addition, plaintiff has failed to state a plausible § 1983 claim against defendant Scout MVY.

#### 1. Standard of Review

To evaluate a complaint in the context of a motion to dismiss, the Court first "disregard[s] statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[ ]' or 'threadbare recitals of the elements of a cause of action.'" Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 40 (1st Cir. 2012) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)). Then, all "remaining, non-conclusory allegations are entitled to a presumption of truth, and we draw all reasonable inferences therefrom in the pleader's favor." Id. The "make-or-break standard" in evaluating the complaint "is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for

5

relief." Id. (quoting Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010)).

### 2. The Claims Against All Defendants Are Barred by Res Judicata

Robinson's claims against the DUA defendants and Scout MVY are barred by res judicata. Disposition of a federal action, once a state action is complete, is governed by preclusion law. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005). "Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d 47, 56 (1st Cir. 2007). "Massachusetts recognizes two kinds of res judicata, claim preclusion and issue preclusion." Id.

Issue preclusion bars relitigation of an issue that was "actually litigated and decided in the first litigation . . . even in the context of a suit based on an entirely different claim." Id. Issue preclusion applies when

> (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.

Id. at 57 (quoting Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843 (2005)). Additionally, "appellate review must have been available in the earlier case before issue preclusion will arise." Id. (citing Sena v. Commonwealth, 417 Mass. 250, 260 (1994)).

Here, issue preclusion bars any claim that Robinson was wrongfully denied unemployment compensation, as well as his allegation that the denial was the result of a conspiracy between the DUA defendants and defendant Scout MVY. The plaintiff raised the conspiracy argument in detail in his "Post Hearing Addendum" and "Post Hearing Motion" [ECF

Nos. 1–4], both of which the Edgartown District Court considered after the entry of judgment. See Air Purchases, Inc. v. Mechanical Coordinators Corp., 21 Mass. App. Ct. 632 (1986) (issue preclusion can apply to rulings on motions for post-judgment relief). In addition, the plaintiff responded at length to the DUA defendants' motions to strike the plaintiff's post-hearing filings, in which the DUA argued that the plaintiff had made false allegations concerning the hotel stays and an improper relationship between the DUA and Scout MVY. [ECF Nos. 1-4]. The DUA's motions were substantive and sought the rejection of Robinson's position on the merits rather than because of a procedural defect. Id. The state district court held a hearing on the DUA's first motion to strike. Although the state court's orders to impound or strike Robinson's post-hearing filings were margin orders, there is every indication that these decisions were made on the merits. Finally, appellate review was available to Robinson, who took an appeal that was dismissed after he failed to pay the filing fee. Robinson v. Dir. of Dep't of Unemployment Assistance, 2014-P-1307 (Mass. App. Ct.). Therefore, the state court's consideration and rejection of Robinson's allegations that a conspiracy existed between the DUA defendants and Scout MVY, or that any relationship between the two parties impermissibly tainted the administrative proceedings, precludes relitigation of the matter in this Court.

Robinson's claims are also barred by claim preclusion. In Massachusetts, claim preclusion "bars relitigation of all matters that were or could have been raised in the earlier action." Ajemian v. Yahoo!, Inc., 83 Mass. App. Ct. 565, 571–72 (2013). It requires: (1) identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) a prior final judgment on the merits. Id. Here, the parties are identical, since Robinson sued the DUA in the state courts, and now is suing three DUA employees in their official capacities in this Court. Next, there is identity of the causes of action because they are based on the "same

transaction, act, or agreement, and seek redress for the same wrong." Ajemian, 83 Mass. App. Ct. at 572 (internal quotation marks omitted). In this action, Robinson's complaint arises from precisely the same events that he previously complained of in state court. The present case is the first in which Robinson has alleged a violation of § 1983; however, "claim preclusion will apply even though a party is prepared in the second action to present different evidence or legal theories to support his claim or seeks different remedies," so long as the claims "derive from the same transaction or series of connected transactions." Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltée, 75 Mass. App. Ct. 27, 34 (2009); see also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85 (1984) (§ 1983 "does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims"), Giragosian v. Ryan, 547 F.3d 59, 63–65 (1st Cir. 2008) (citing Migra) (holding that federal suit was precluded where plaintiff could have made § 1983 claims in prior state-court proceeding). Lastly, the Edgartown District Court denied Robinson's motion for post-judgment relief, which constitutes a judgment on the merits having preclusive effect for the reasons discussed above. See Air Purchases, supra.[2]

---

[2] The defendants' arguments concerning the *Rooker-Feldman* doctrine are also persuasive, but the Court need not decide that issue here. Under *Rooker-Feldman*, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments." Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 20 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). The doctrine "does not depend on what issues were actually litigated in the state court; and it is enough that granting [plaintiff the relief] he seeks would effectively overturn the state court's decision." Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 33 (1st Cir. 2004). In this case, the plaintiff asks the Court to reach a different conclusion than the Edgartown District Court on the questions of (1) whether he was erroneously denied unemployment compensation, and (2) whether the DUA defendants had an improper relationship with defendant Scout MVY that affected the DUA's adjudication of the plaintiff's unemployment claim. Any decision by the Court on these issues that was favorable to the plaintiff would effectively reverse the state district court; thus, *Rooker-Feldman* would seemingly prevent the Court from considering the plaintiff's claims. *Rooker-Feldman*, however, can only operate once the "state proceedings [have] ended." Federacion de

### 3. Plaintiff Failed to State a Plausible § 1983 Claim Against Defendant Scout MVY

In addition, the plaintiff has failed to state a claim under 42 U.S.C. § 1983 against the defendant Scout MVY, because he makes no plausible allegation that Scout acted under color of state law. A plaintiff claiming a § 1983 violation must allege, first, that he or she has been deprived of "a federal constitutional or statutory right," and second, that the deprivation has been carried out by "a person or persons acting under color of state law." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005). "It is '[o]nly in rare circumstances" that private parties can be viewed as state actors.'" Id. (quoting Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)). There are three tests used to determine whether a private party can be characterized as a state actor: the state compulsion test, the nexus/joint action test, and the public function test. Id. at 4–5. The plaintiff concedes that the state compulsion and public function tests are inapplicable here; he alleges only that defendant Scout MVY acted under color of state law according to the nexus/joint action test. That test "provides that a private party can be held to be a state actor where an examination of the totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity].'" Id. at 5 (quoting Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir. 1999)).

---

Maestros, 410 F.3d at 24. Here, it appears that the final docket entry in the state district court case, directing the clerk to assemble the record on appeal, was entered on June 2, 2014. [ECF No. 16-1.] Robinson attempted to appeal to the Massachusetts Appeals Court on August 21, 2014, but the Appeals Court vacated the entry of the appeal on October 27, 2014 because Robinson failed to pay the filing fee. Docket, Robinson v. Director of Department of Unemployment Assistance, 2014-P-1307 (Mass. App. Ct.). Therefore, it appears that the state court action became final on June 2, 2014, while this case was not commenced until September 9, 2014. Although this Court believes that the state court appeal, because it was vacated, does not factor into the determination of when the state-court proceedings ended, the Court need not decide that question because the case is dismissed on other grounds.

Here, plaintiff argues that defendant Scout MVY acted in concert with the government to deny his claim for unemployment benefits. He claims that "government is literally in the beds of the businesses," citing the fact that, when plaintiff's appeal was pending before the Edgartown District Court, counsel for the DUA spent two nights in Scout MVY's hotels, once at a discounted rate, and once at an above-average rate. Plaintiff admits he does not know how or why the DUA would conspire with Scout MVY.[3] To survive a motion to dismiss, the plaintiff's allegations must make out a "*plausible*, not . . . merely [a] *conceivable*, case for relief." Rodriguez-Ramos, 685 F.3d at 40 (emphasis added) (quoting Ocasio-Hernandez, 640 F.3d at 12). Plaintiff's claims concerning the relationship between the DUA and Scout MVY may be conceivable, but he is unable to provide a sufficient factual basis to conclude that they are plausible. The only evidence he cites, the two hotel stays, are not enough to indicate any kind of conspiratorial relationship; moreover, the stays occurred many months after plaintiff's claim for unemployment benefits was denied, which is the injury for which he seeks redress. Therefore, because plaintiff makes no plausible allegation that defendant Scout MVY acted jointly with the DUA to deny his unemployment claim, he has failed to state a § 1983 claim against Scout MVY.[4]

---

[3] Plaintiff speculates that the DUA may have a policy of siding with employers, or may frequently reject claims from out-of-state applicants. These theories, even if correct, would point to an across-the-board impropriety, not a joint action carried out specifically with defendant Scout MVY, as is required to prove that defendant Scout MVY acted under color of state law.

[4] The DUA defendants also argue that they are protected from suit by sovereign immunity. The Eleventh Amendment generally is recognized as a bar to suits in federal courts against a state, its departments, and its agencies, including official-capacity suits against state officials, unless the state has consented to suit or Congress has overridden the state's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Robinson points out that the state has waived sovereign immunity for many of its employees under M.G.L. c. 258, § 9. Because the Court dismisses this lawsuit on grounds of res judicata, and additionally due to the failure to state a claim against defendant Scout MVY, the Court need not reach the question of whether the claims against the DUA defendants could additionally be dismissed on the basis of sovereign immunity.

### III. CONCLUSION

Accordingly:

1. Plaintiff's motion to appoint counsel [ECF No. 46] is <u>DENIED</u>;

2. Plaintiff's motion to strike the DUA defendants' motion to dismiss [ECF No. 39] is <u>DENIED</u>;

3. The DUA defendants' motion to dismiss and defendant Scout MVY's motion to dismiss [ECF Nos. 37, 42] are <u>ALLOWED</u>.

**SO ORDERED.**

October 6, 2016 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE